**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
CASE NO. 21-CV-60313

CINDY NARAINE,

      Plaintiff,

v.

CITY OF HOLLYWOOD,

      Defendant.                   /

## COMPLAINT

Plaintiff, CINDY NARAINE ("NARAINE"), by and through her undersigned attorney, sues Defendant, CITY OF HOLLYWOOD ("HOLLYWOOD") and states as follows:

## INTRODUCTION

1.     This is an action for damages, and equitable relief by Plaintiff, NARAINE, against HOLLYWOOD under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 ("Title VII"),  the Florida Civil Rights Act of 1992 ("FCRA") for race discrimination, national origin discrimination, sex discrimination, and retaliation and 42 U.S.C. §1983 for race discrimination, national origin discrimination and retaliation.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction of the action pursuant to 28 U.S.C. §1331, Title VII and 42 U.S.C. §1983.  The Court's supplemental jurisdiction is invoked for the Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

3.     Venue properly lies in this judicial district pursuant to 28 U.S.C. §1391(b), in that the Defendant is a municipality within this judicial district, and a substantial part of the events constituting the discrimination have taken place within this judicial district.

## PARTIES AND EXHAUSTION OF REMEDIES

4.     NARAINE is a Black Non-Hispanic female, sui juris, and, at all times material to this

action, was a resident of Broward County, Florida.

5.    Defendant, HOLLYWOOD, is a public municipality organized and existing under and by virtue of the laws of the State of Florida and located in Broward County, Florida.

6.    NARAINE  has complied with all conditions precedent to jurisdiction under Title VII and the FCRA in that NARAINE filed her Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") within 300 days of the unfair employment practices alleged in this Complaint; NARAINE has filed this suit within ninety (90) days of receiving a Right to Sue notice from the EEOC; 180 days have elapsed since the Charge of Discrimination was filed with both the EEOC and the FCHR, and FCHR has not issued a determination in that time period; and NARAINE is filing this Complaint within the FCRA's four (4) year statute of limitations for the alleged discriminatory acts. Thus, all administrative prerequisites have been satisfied and this suit is timely filed. True copies of Plaintiff's Charge of Discrimination and Notice of Right to Sue are attached as Exhibits 1 and 2, respectively.

## GENERAL ALLEGATIONS

7.    NARAINE was hired by HOLLYWOOD as an Administrative Assistant II on July 31, 2015, which is a full-time Civil Service position.

8.    NARAINE completed the required one-year probationary period of her employment as an Administrative Assistant II on July 30, 2016.

9.    On January 27, 2019, NARAINE was promoted to the position of Firefighter.

10.    Following her New Hire Training Program, NARAINE was transferred to a vacant Fire Prevention Officer I ("FPO I") position within the Fire Department's Fire Prevention Bureau.

11.    As a Firefighter for HOLLYWOOD, NARAINE excelled. NARAINE had no discipline in her file, no warnings or need for employee counseling by her direct line supervisors, and her performance evaluations were consistently rated "very good."

12.     NARAINE's one-year probationary period of employment as a Firefighter was set to expire on January 26, 2020.

13.     One week before her probationary period as a Firefighter was set to expire, NARAINE received an email from Fire Marshal Chief Chris Del Campo stating that she had satisfied the probationary testing and performance requirements and should be moving forward.

14.     On January 16, 2020, however, mere days before her one-year probationary period as Firefighter was set to expire, NARAINE was forced to resign in lieu of termination.

15.     On January 16, 2020, NARAINE met with Fire Marshal Chief Chris Del Campo (White) and Deputy Chiefs Analdys Garcia (light-skinned Hispanic) and Mark Miller (White). Deputy Fire Chief Garcia led the meeting and advised NARAINE that, under the direction of Fire Chief Rudolfo Jurado (light-skinned Hispanic), her probation was being terminated effective immediately and that it did not serve in the city's best interest to continue her employment.

16.     NARAINE asked for an explanation for her termination and Deputy Chief Garcia stated that she was being terminated without reason due to her probationary status and that Chief Jurado felt that she was "not a good fit for the agency."

17.     During the meeting, Deputy Chief Garcia informed NARAINE that, if she did not resign immediately, she would be terminated on the spot and, as a result of this termination, she would never be able to obtain employment as a sworn firefighter or EMS Provider in the State of Florida.

18.     NARAINE was blindsided by the notice of her termination and was denied the right to contact her union representative or take time to consider her options before involuntarily signing a letter of resignation.

19.     HOLLYWOOD's Civil Service Code Article IV, Rule 6, Section 3 states, in pertinent part: "Any employee promoted and later rejected within the prescribed probationary period, shall have the right to resume the position from which said employee was promoted if said position shall

3

be unfilled. If said position shall be filled, said employee shall have the right to revert to the classification from which such employee was promoted."

20.     NARAINE's termination violated the HOLLYWOOD's Civil Service Code because she was not offered the option of resuming her previously held position or classification.

21.     Following her constructive termination, NARAINE retained an attorney who sent a letter to HOLLYWOOD alleging that NARAINE's termination was discriminatory based on her age, sex, and race.

22.     Thereafter, NARAINE applied for an open Fire Prevention Officer I ("FPO I") position with HOLLYWOOD.

23.     In April 2020, NARAINE filed her Charge of Discrimination with the FCHR, which was dual filed with the EEOC.

24.     In June 2020, HOLLYWOOD conducted interviews for the vacant FPO I position. The interviewing panel consisted of Fire Marshal Chief Del Campo, Chris Clinton, and Josh Kittinger – all white males.

25.     NARAINE was neither interviewed nor offered the position.

26.     NARAINE received correspondence from Mr. Kittinger indicating that she was not the best applicant. NARAINE was never told she was not eligible for the position.

27.     The position was offered instead to Jesse Lapin (White Non-Hispanic male), who is less qualified than NARAINE and had a significant disciplinary history. Lapin ultimately failed the background check and was not employed by HOLLYWOOD.

28.     Thereafter, HOLLYWOOD conducted a second round of interviews to fill the position. Once again NARAINE was neither interviewed nor offered the position. Instead, this time the position was offered to John Duchrow, a white Non-Hispanic male. Duchrow was also less

qualified than NARAINE,  he had been forced to resign from his previous employer,COI had a history of disciplinary actions, and did not possess Broward County licenses to work as an Inspector.

29.     In its Position Statement filed in response to NARAINE's Charge of Discrimination, HOLLYWOOD claimed for the first time a new reason for NARAINE'S termination, namely that NARAINE had been terminated for violating five (5) Fire Department rules and regulations.

30.     HOLLYWOOD's stated reasons for NARAINE's termination are pretextual.

31.     The alleged violations HOLLYWOOD stated in its position statement all center around a claim that NARAINE requested a schedule change outside the chain of command to accommodate school drop off for her two children. In fact, NARAINE's husband, also an employee of HOLLYWOOD, not NARAINE, had requested the change in his schedule to accommodate school drop off for their two children. At no time did NARAINE request a schedule change either within or outside the chain of command.

32.     Chief Jurado, who orchestrated NARAINE's constructive termination, falsely assumed based on gender stereotyping that NARAINE was either requesting the scheduling change or that she would ultimately be requesting the scheduling change in the event and to the extent her husband's request was denied.

33.     Chief Jurado's sexist and misogynistic attitude and treatment of NARAINE was not isolated, as he has a history of violence against women and, additionally, another Fire Inspector also complained about discriminatory treatment based on sex from Chief Jurado after she returned from maternity leave.

34.     Since NARAINE's employment and constructive termination, Chief Jurado was forced to resign.

35.     NARAINE has satisfied all conditions precedent to filing this action or those conditions have been waived or otherwise excused.

GALLUP AUERBACH • 4000 Hollywood Blvd, Suite 265 South • Hollywood, FL 33021• Tel: 954.894.3035 • Web: gallup-law.com

36.     NARAINE has retained the undersigned counsel to represent her in this action and has agreed to pay a reasonable fee for the firm's services.

## COUNT I
## RACE DISCRIMINATION UNDER THE FCRA

37.     This is an action for discrimination based upon race under the FCRA.

38.     Plaintiff reasserts the general allegations as set forth above in paragraphs 1-36 and incorporates the same herein by this reference.

39.     Plaintiff belongs to a protected class under the FCRA in that she is a Black woman.

40.     Defendant, and its managers and agents, violated the FCRA by discriminating against Plaintiff based upon her race, by subjecting her to unfavorable and disparate treatment when compared to non-Black employees and by constructively discharging her.

41.     Defendant's reason for Plaintiff's termination is a pretext to conceal the unlawful nature of its conduct.

42.     Defendant is vicariously liable for all material adverse actions suffered by Plaintiff and all race discrimination engaged in by Defendant's managers and supervisors.

43.     Defendant acted intentionally and with malice and reckless disregard for Plaintiff's rights under the FCRA.

44.     As a result of Defendant's unlawful employment practices, Plaintiff has suffered damages, including loss of wages; benefits and other compensation; harm to her personal and business reputations; emotional distress, including, but not limited to, humiliation and embarrassment; and other pecuniary and non-pecuniary losses.

WHEREFORE, Plaintiff, CINDY NARAINE, prays that this Honorable Court will enter an Order:

a.     Declaring that Defendant violated Plaintiff's rights as protected by the laws of the FCRA and ordering Defendant to institute policies, practices, training and programs

6

that provide protection from discrimination against employees and that eradicate the effects of its past and present unlawful practices;

b.      Enjoining and restraining Defendant from engaging in acts of discrimination;

c.      Awarding Plaintiff back pay and the value of her lost employment benefits;

d.      Awarding Plaintiff reinstatement with full restoration of benefits or front pay in lieu of reinstatement;

e.      Awarding Plaintiff compensatory damages for her emotional distress, humiliation, embarrassment, and loss of reputation;

f.      Awarding Plaintiff her reasonable attorney's fees and costs incurred in this action;

g.      Awarding Plaintiff pre- and post-judgment interest; and

h.      Awarding any and all further relief as this Court may deem just and appropriate.

**COUNT II**
**NATIONAL ORIGIN DISCRIMINATION UNDER THE FCRA**

45.      This is an action for discrimination based upon national origin under the FCRA.

46.      Plaintiff reasserts the general allegations as set forth above in paragraphs 1-36 and incorporates the same herein by this reference.

47.      Plaintiff belongs to a protected class under the FCRA in that she is a Non-Hispanic woman.

48.      Defendant, and its managers and agents, violated the FCRA by discriminating against Plaintiff based upon her national origin, by subjecting her to unfavorable and disparate treatment when compared to non-Hispanic employees and by constructively discharging her.

49.      Defendant's reason for Plaintiff's termination is a pretext to conceal the unlawful nature of its conduct.

50.      Defendant is vicariously liable for all material adverse actions suffered by Plaintiff and all national origin discrimination engaged in by Defendant's managers and supervisors.

51.     Defendant acted intentionally and with malice and reckless disregard for Plaintiff's rights under the FCRA.

52.     As a result of Defendant's unlawful employment practices, Plaintiff has suffered damages, including loss of wages; benefits and other compensation; harm to her personal and business reputations; emotional distress, including, but not limited to, humiliation and embarrassment; and other pecuniary and non-pecuniary losses.

WHEREFORE, Plaintiff, CINDY NARAINE, prays that this Honorable Court will enter an Order:

a.     Declaring that Defendant violated Plaintiff's rights as protected by the laws of the FCRA and ordering Defendant to institute policies, practices, training and programs that provide protection from discrimination against employees and that eradicate the effects of its past and present unlawful practices;

b.     Enjoining and restraining Defendant from engaging in acts of discrimination;

c.     Awarding Plaintiff back pay and the value of her lost employment benefits;

d.     Awarding Plaintiff reinstatement with full restoration of benefits or front pay in lieu of reinstatement;

e.     Awarding Plaintiff compensatory damages for her emotional distress, humiliation, embarrassment, and loss of reputation;

f.     Awarding Plaintiff her reasonable attorney's fees and costs incurred in this action;

g.     Awarding Plaintiff pre- and post-judgment interest; and

h.     Awarding any and all further relief as this Court may deem just and appropriate.

## COUNT III
## SEX DISCRIMINATION UNDER THE FCRA

53.     This is an action for discrimination based upon sex under the FCRA.

GALLUP AUERBACH • 4000 Hollywood Blvd, Suite 265 South • Hollywood, FL 33021• Tel: 954.894.3035 • Web: gallup-law.com

54.    Plaintiff reasserts the general allegations as set forth above in paragraphs 1-36 and incorporates the same herein by this reference.

55.    Plaintiff belongs to a protected category under the FCRA in that she is a woman.

56.    Defendant, and its managers and agents, violated the FCRA by discriminating against Plaintiff based upon her sex by subjecting her to unfavorable and disparate treatment when compared to male employees and constructively discharging her.

57.    Defendant's reason for Plaintiff's termination is a pretext to conceal the unlawful nature of its conduct.

58.    Defendant is vicariously liable for all material adverse actions suffered by Plaintiff and all sex discrimination engaged in by Defendant's managers and supervisors.

59.    Defendant acted intentionally and with malice and reckless disregard for Plaintiff's rights under the FCRA.

60.    As a result of Defendant's unlawful employment practices, Plaintiff has suffered damages, including loss of wages; benefits and other compensation; harm to her personal and business reputations; emotional distress, including, but not limited to, humiliation and embarrassment; and other pecuniary and non-pecuniary losses.

WHEREFORE, Plaintiff, CINDY NARAINE, prays that this Honorable Court will enter an Order:

a.    Declaring that Defendant violated Plaintiff's rights as protected by the laws of the FCRA and ordering Defendant to institute policies, practices, training and programs that provide protection from discrimination against employees and that eradicate the effects of its past and present unlawful practices;

b.    Enjoining and restraining Defendant from engaging in acts of discrimination;

c.    Awarding Plaintiff back pay and the value of her lost employment benefits;

GALLUP AUERBACH • 4000 Hollywood Blvd, Suite 265 South • Hollywood, FL 33021• Tel: 954.894.3035 • Web: gallup-law.com

d.       Awarding Plaintiff reinstatement with full restoration of benefits or front pay in lieu of reinstatement;

e.       Awarding Plaintiff compensatory damages for her emotional distress, humiliation, embarrassment, and loss of reputation;

f.       Awarding Plaintiff her reasonable attorney's fees and costs incurred in this action;

g.       Awarding Plaintiff pre- and post-judgment interest; and

h.       Awarding any and all further relief as this Court may deem just and appropriate.

**COUNT IV**
**RACE DISCRIMINATION UNDER TITLE VII**

61.     This is an action for discrimination based upon race under Title VII.

62.     Plaintiff reasserts the general allegations as set forth above in paragraphs 1-36 and incorporates the same herein by this reference.

63.     Defendant, and its managers and agents, violated Title VII by discriminating against Plaintiff based upon her race by subjecting her to unfavorable and disparate treatment when compared to non-Black employees and constructively discharging her.

64.     Defendant's reason for Plaintiff's termination is a pretext to conceal the unlawful nature of its conduct.

65.     Defendant is vicariously liable for all material adverse actions suffered by Plaintiff and all race discrimination engaged in by Defendant's managers and supervisors.

66.     Defendant acted intentionally and with malice and reckless disregard for Plaintiff's rights under Title VII.

67.     As a result of Defendant's unlawful employment practices, Plaintiff has suffered damages, including loss of wages; benefits and other compensation; harm to her personal and business reputations; emotional distress, including, but not limited to, humiliation and embarrassment; and other pecuniary and non-pecuniary losses.

GALLUP AUERBACH • 4000 Hollywood Blvd, Suite 265 South • Hollywood, FL 33021• Tel: 954.894.3035 • Web: gallup-law.com

WHEREFORE, Plaintiff, CINDY NARAINE, prays that this Honorable Court will enter an Order:

a.      Declaring that Defendant violated Plaintiff's rights as protected by the laws of Title VII and ordering Defendant to institute policies, practices, training and programs that provide protection from discrimination against employees and that eradicate the effects of its past and present unlawful practices;

b.      Enjoining and restraining Defendant from engaging in acts of discrimination;

c.      Awarding Plaintiff back pay and the value of her lost employment benefits;

d.      Awarding Plaintiff reinstatement with full restoration of benefits or front pay in lieu of reinstatement;

e.      Awarding Plaintiff compensatory damages for her emotional distress, humiliation, embarrassment, and loss of reputation;

f.      Awarding Plaintiff her reasonable attorney's fees and costs incurred in this action;

g.      Awarding Plaintiff pre- and post-judgment interest; and

h.      Awarding any and all further relief as this Court may deem just and appropriate.

## COUNT V
## NATIONAL ORIGIN DISCRIMINATION UNDER TITLE VII

68.     This is an action for discrimination based upon national origin under Title VII.

69.     Plaintiff reasserts the general allegations as set forth above in paragraphs 1-36 and incorporates the same herein by this reference.

70.     Defendant, and its managers and agents, violated Title VII by discriminating against Plaintiff based upon her national origin by subjecting her to unfavorable and disparate treatment when compared to non-Hispanic employees and constructively discharging her.

71.     Defendant's reason for Plaintiff's termination is a pretext to conceal the unlawful nature of its conduct.

GALLUP AUERBACH • 4000 Hollywood Blvd, Suite 265 South • Hollywood, FL 33021• Tel: 954.894.3035 • Web: gallup-law.com

72.     Defendant is vicariously liable for all material adverse actions suffered by Plaintiff and all race discrimination engaged in by Defendant's managers and supervisors.

73.     Defendant acted intentionally and with malice and reckless disregard for Plaintiff's rights under Title VII.

74.     As a result of Defendant's unlawful employment practices, Plaintiff has suffered damages, including loss of wages; benefits and other compensation; harm to her personal and business reputations; emotional distress, including, but not limited to, humiliation and embarrassment; and other pecuniary and non-pecuniary losses.

WHEREFORE, Plaintiff, CINDY NARAINE, prays that this Honorable Court will enter an Order:

a.     Declaring that Defendant violated Plaintiff's rights as protected by the laws of Title VII and ordering Defendant to institute policies, practices, training and programs that provide protection from discrimination against employees and that eradicate the effects of its past and present unlawful practices;

b.     Enjoining and restraining Defendant from engaging in acts of discrimination;

c.     Awarding Plaintiff back pay and the value of her lost employment benefits;

d.     Awarding Plaintiff reinstatement with full restoration of benefits or front pay in lieu of reinstatement;

e.     Awarding Plaintiff compensatory damages for her emotional distress, humiliation, embarrassment, and loss of reputation;

f.     Awarding Plaintiff her reasonable attorney's fees and costs incurred in this action;

g.     Awarding Plaintiff pre- and post-judgment interest; and

h.     Awarding any and all further relief as this Court may deem just and appropriate.

GALLUP AUERBACH • 4000 Hollywood Blvd, Suite 265 South • Hollywood, FL 33021• Tel: 954.894.3035 • Web: gallup-law.com

## COUNT VI
## SEX DISCRIMINATION UNDER TITLE VII

75.     This is an action for discrimination based upon sex under Title VII.

76.     Plaintiff reasserts the general allegations as set forth above in paragraphs 1-36 and incorporates the same herein by this reference.

77.     Plaintiff belongs to a protected category under Title VII in that she is a woman.

78.     Defendant, and its managers and agents, violated Title VII by discriminating against Plaintiff based upon her sex by subjecting her to unfavorable and disparate treatment when compared to male employees and constructively discharging her.

79.     Defendant's stated reason for Plaintiff's termination is a pretext to conceal the unlawful nature of its conduct.

80.     Defendant is vicariously liable for all material adverse actions suffered by Plaintiff and all sex discrimination engaged in by Defendant's managers and supervisors.

81.     Defendant acted intentionally and with malice and reckless disregard for Plaintiff's rights under Title VII.

82.     As a result of Defendant's unlawful employment practices, Plaintiff has suffered damages, including loss of wages; benefits and other compensation; harm to her personal and business reputations; emotional distress, including, but not limited to, humiliation and embarrassment; and other pecuniary and non-pecuniary losses.

WHEREFORE, Plaintiff, CINDY NARAINE, prays that this Honorable Court will enter an Order:

a.      Declaring that Defendant violated Plaintiff's rights as protected by the laws of Title VII and ordering Defendant to institute policies, practices, training and programs that provide protection from discrimination against employees and that eradicate the effects of its past and present unlawful practices;

GALLUP AUERBACH • 4000 Hollywood Blvd, Suite 265 South • Hollywood, FL 33021• Tel: 954.894.3035 • Web: gallup-law.com

b.      Enjoining and restraining Defendant from engaging in acts of discrimination;

c.      Awarding Plaintiff back pay and the value of her lost employment benefits;

d.      Awarding Plaintiff reinstatement with full restoration of benefits or front pay in lieu of reinstatement;

e.      Awarding Plaintiff compensatory damages for her emotional distress, humiliation, embarrassment, and loss of reputation;

f.      Awarding Plaintiff her reasonable attorney's fees and costs incurred in this action;

g.      Awarding Plaintiff pre- and post-judgment interest; and

h.      Awarding any and all further relief as this Court may deem just and appropriate.

## COUNT VII
## RETALIATION UNDER THE FCRA

83.     This is an action for retaliation under the FCRA.

84.     Plaintiff re-alleges and incorporates by reference as if fully set forth herein the allegations in Paragraphs 1-36 above.

85.     Defendant violated the FCRA when it failed to consider Plaintiff for reemployment for having complained about the discriminatory treatment to which she was subjected.

86.     Defendant's reason for not considering Plaintiff for open positions with HOLLYWOOD is a pretext to conceal the unlawful nature of its conduct.

87.     Defendant is vicariously liable for all material adverse actions suffered by Plaintiff and all retaliatory acts engaged in by Defendant's managers and supervisors.

88.     Defendant acted intentionally and with malice and reckless disregard for Plaintiff's rights under the FCRA.

89.     But for reporting the unlawful racial and sex discrimination to which she was subjected, Plaintiff would have been considered for re-hire by Defendant.

90.     As a result of Defendant's unlawful employment practices, Plaintiff has suffered damages, including loss of wages; benefits and other compensation; harm to her personal and business reputations; emotional distress, including, but not limited to, humiliation and embarrassment; and other pecuniary and non-pecuniary losses.

WHEREFORE, Plaintiff, CINDY NARAINE prays that this Honorable Court will enter an Order:

a.      Declaring that Defendant violated Plaintiff's rights as protected by the laws of the FCRA and ordering Defendant to institute policies, practices, training and programs that provide protection from discrimination against employees and that eradicate the effects of its past and present unlawful practices;

b.      Enjoining and restraining Defendant from engaging in acts of retaliation;

c.      Awarding Plaintiff back pay and the value of her lost employment benefits;

d.      Awarding Plaintiff reinstatement with full restoration of benefits or front pay in lieu of reinstatement;

e.      Awarding Plaintiff compensatory damages for her emotional distress, humiliation, embarrassment, and loss of reputation;

f.      Awarding Plaintiff her reasonable attorney's fees and costs incurred in this action;

g.      Awarding Plaintiff pre- and post-judgment interest; and

h.      Awarding any and all further relief as this Court may deem just and appropriate.

## COUNT VIII
## RETALIATION UNDER TITLE VII

91.     This is an action for retaliation under Title VII.

92.     Plaintiff re-alleges and incorporates by reference as if fully set forth herein the allegations in Paragraphs 1-36 above.

15

93.     Defendant violated Title VII when it failed to consider Plaintiff for reemployment for having complained about the discriminatory treatment to which she was subjected.

94.     Defendant's reason for not considering Plaintiff for open positions with HOLLYWOOD is a pretext to conceal the unlawful nature of its conduct.

95.     Defendant is vicariously liable for all material adverse actions suffered by Plaintiff and all retaliation engaged in by Defendant's managers and supervisors.

96.     Defendant acted intentionally and with malice and reckless disregard for Plaintiff's rights under Title VII.

97.     But for reporting the unlawful race and sex discrimination to which she was subjected, Plaintiff would have been considered for re-hire.

98.     As a result of Defendant's unlawful employment practices, Plaintiff has suffered damages, including loss of wages; benefits and other compensation; harm to her personal and business reputations; emotional distress, including, but not limited to, humiliation and embarrassment; and other pecuniary and non-pecuniary losses.

WHEREFORE, Plaintiff, CINDY NARAINE, prays that this Honorable Court will enter an Order:

a.     Declaring that Defendant violated Plaintiff's rights as protected by the laws of Title VII and ordering Defendant to institute policies, practices, training and programs that provide protection from discrimination against employees and that eradicate the effects of its past and present unlawful practices;

b.     Enjoining and restraining Defendant from engaging in acts of retaliation;

c.     Awarding Plaintiff back pay and the value of her lost employment benefits;

d.     Awarding Plaintiff reinstatement with full restoration of benefits or front pay in lieu of reinstatement;

e.      Awarding Plaintiff compensatory damages for her emotional distress, humiliation, embarrassment, and loss of reputation;

f.      Awarding Plaintiff her reasonable attorney's fees and costs incurred in this action;

g.      Awarding Plaintiff pre- and post-judgment interest; and

h.      Awarding any and all further relief as this Court may deem just and appropriate.

## <u>COUNT IX</u>
## <u>SEX DISCRIMINATION UNDER SECTION 1983</u>

99.     This is a claim for sex discrimination under the Fourteenth Amendment to the Constitution of the United States and the Civil Rights Act of 1871, 42 U.S.C. § 1983.

100.    Plaintiff re-alleges and incorporates by reference as if fully set forth herein the allegations in Paragraphs 1-36 above.

101.    Defendant, as a political subdivision of the State of Florida, has taken action under color of law to deprive Plaintiff of her rights under the Equal Protection Clause of the United States Constitution and federal statutory law against discrimination on the basis of sex.

102.    Defendant's failure to enforce its own equal opportunity policies and its willingness to turn a blind eye and deaf ear to complaints of sex discrimination in the workplace resulted in a pattern, practice, policy and custom of allowing, tolerating and indeed, encouraging sex discrimination in the workplace.

103.    Upon information and belief, HOLLYWOOD, under the leadership of Chief Rudolfo Jurado as the ultimate policy and decision maker, has engaged in a pattern, practice, policy and custom of allowing, tolerating, and encouraging sex discrimination in the workplace, not the result of mere negligence, but instead reflecting a reckless disregard for, or knowing violation of the statutory and constitutional rights of female employees.

104.    Plaintiff has been harmed as the result of Defendant's violations of 42 U.S.C. § 1983.

Gallup Auerbach • 4000 Hollywood Blvd, Suite 265 South • Hollywood, FL 33021• Tel: 954.894.3035 • Web: gallup-law.com

WHEREFORE, Plaintiff CINDY NARAINE, prays that this Court will order Defendant to remedy discriminatory treatment of Plaintiff by:

a. Paying appropriate back pay;

b. Awarding Plaintiff reinstatement with full restoration of benefits or front pay in lieu of reinstatement;

c. Paying for lost benefits including medical insurance, pension and retirement plan;

d. Paying prejudgment interest;

e. Providing any other relief that is appropriate.

f. Enter an order against Defendant for compensatory damages;

g. Enter an order against Defendant for punitive damages; and

h. Grant Plaintiff costs and a reasonable award of attorney's fees pursuant to 42 U.S.C.A. 42 U.S.C. § 1988(b).

## <u>COUNT X</u>
## <u>RACE/NATIONAL ORIGIN DISCRIMINATION UNDER SECTION 1983</u>

105. This is a claim for race and national origin discrimination under the Fourteenth Amendment to the Constitution of the United States and the Civil Rights Act of 1871, 42 U.S.C. § 1983.

106. Plaintiff re-alleges and incorporates by reference as if fully set forth herein the allegations in Paragraphs 1-36 above.

107. Defendant, as a political subdivision of the State of Florida, has taken action under color of law to deprive Plaintiff of her rights under the Equal Protection Clause of the United States Constitution and federal statutory law against discrimination on the basis of race and national origin.

108. Defendant's failure to enforce its own equal opportunity policies and its willingness to turn a blind eye and deaf ear to complaints of race and national origin discrimination in the

GALLUP AUERBACH • 4000 Hollywood Blvd, Suite 265 South • Hollywood, FL 33021• Tel: 954.894.3035 • Web: gallup-law.com

workplace resulted in a pattern, practice, policy and custom of allowing, tolerating and indeed, encouraging race and national origin discrimination in the workplace.

109.    Upon information and belief, HOLLYWOOD, under the leadership of Chief Rudolfo Jurado as the ultimate policy and decision maker, has engaged in a pattern, practice, policy and custom of allowing, tolerating, and encouraging race and national origin discrimination in the workplace, not the result of mere negligence, but instead reflecting a reckless disregard for, or knowing violation of the statutory and constitutional rights of Black and non-Hispanic employees.

110.    Plaintiff has been harmed as the result of Defendant's violations of 42 U.S.C. § 1983.

WHEREFORE, Plaintiff CINDY NARAINE, prays that this Court will order Defendant to remedy the discriminatory treatment of Plaintiff by:

a.    Paying appropriate back pay;

b.    Awarding Plaintiff reinstatement with full restoration of benefits or front pay in lieu of reinstatement;

c.    Paying for lost benefits including medical insurance, pension and retirement plan;

d.    Paying prejudgment interest;

e.    Providing any other relief that is appropriate.

f.    Enter an order against Defendant for compensatory damages;

g.    Enter an order against Defendant for punitive damages; and

h.    Grant Plaintiff costs and a reasonable award of attorney's fees pursuant to 42 U.S.C.A. 42 U.S.C. § 1988(b).

## COUNT XI
## RETALIATION UNDER SECTION 1983

111.    This is a claim for retaliation under the Fourteenth Amendment to the Constitution of the United States and the Civil Rights Act of 1871, 42 U.S.C. § 1983.

GALLUP AUERBACH • 4000 Hollywood Blvd, Suite 265 South • Hollywood, FL 33021• Tel: 954.894.3035 • Web: gallup-law.com

112.    Plaintiff re-alleges and incorporates by reference as if fully set forth herein the allegations in Paragraphs 1-36 above.

113.    Defendant, as a political subdivision of the State of Florida, has taken action under color of law to deprive Plaintiff of her rights under the Equal Protection Clause of the United States Constitution and federal statutory law against discrimination on the basis of sex, race and national origin.

114.    Defendant violated Section 1983 when it failed to consider Plaintiff for reemployment for having complained about the discriminatory treatment to which she was subjected.

115.    Defendant's reason for not considering Plaintiff for open positions with HOLLYWOOD is a pretext to conceal the unlawful nature of its conduct.

116.    Plaintiff alleges that Defendant's retaliation is evident by the temporal proximity of her discrimination complaint and the failure to reemploy her.  Plaintiff also alleges that individuals similarly situated to her were hired or reemployed as a result of any performance issues Defendant may articulate as its legitimate basis for refusing to reemploy Plaintiff.

117.    Upon information and belief, HOLLYWOOD, under the leadership of Chief Rudolfo Jurado as the ultimate policy and decision maker, has engaged in a pattern, practice, policy and custom of allowing, tolerating and encouraging retaliation, or not hiring or reemploying individuals who have raised complaints of discrimination or other illegal practices. The decision not to reemploy Plaintiff is consistent with this practice and reflects a reckless disregard for, or knowing violation of, the statutory and constitutional rights of employees who complain of discrimination.

118.    As a result of Defendant's retaliation in violation of Section 1983, Plaintiff has been damaged.

WHEREFORE, Plaintiff, CINDY NARAINE, prays that this Court will order Defendant to remedy retaliatory treatment of Plaintiff by:

GALLUP AUERBACH • 4000 Hollywood Blvd, Suite 265 South • Hollywood, FL 33021• Tel: 954.894.3035 • Web: gallup-law.com

a.     Paying appropriate back pay;

b.     Awarding Plaintiff reinstatement with full restoration of benefits or front pay in lieu of reinstatement;

c.     Paying for lost benefits including medical insurance, pension and  retirement  plan;

d.     Paying prejudgment interest;

e.     Providing any other relief that is appropriate.

f.     Enter an order against Defendant for compensatory damages;

g.     Enter an order against Defendant for punitive damages; and

h.     Grant Plaintiff costs and a reasonable award of attorney's fees pursuant to 42 U.S.C.A. 42 U.S.C. § 1988(b).

<u>**DEMAND FOR JURY TRIAL**</u>

Plaintiff, CINDY NARAINE, hereby demands trial by jury on all claims triable by right of jury under state or federal law.

Dated this  8th day of February 2021.

Respectfully submitted,
**GALLUP AUERBACH**
*Counsel for Plaintiff*
4000 Hollywood Boulevard
Presidential Circle-Suite 265 South
Hollywood, Florida 33021
Telephone:     (954) 894-3035
E-mail:         dgallup@gallup-law.com

By:     /s/ Dana M. Gallup
DANA M. GALLUP
Florida Bar No.: 0949329