# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

November 03, 2023

Clerk - Southern District of Florida
U.S. District Court
400 N MIAMI AVE
MIAMI, FL 33128-1810

FILED BY ___AP___ D.C.

Nov 3, 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

Appeal Number: 22-13171-AA
Case Style: Cindy Naraine v. City of Hollywood
District Court Docket No: 0:21-cv-60313-RAR

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being forwarded to counsel and pro se parties. A copy of the court's decision was previously forwarded to counsel and pro se parties on the date it was issued.

The enclosed copy of the judgment is hereby issued as mandate of the court. The court's opinion was previously provided on the date of issuance.

Clerk's Office Phone Numbers

| | | | |
|---|---|---|---|
| General Information: | 404-335-6100 | Attorney Admissions: | 404-335-6122 |
| Case Administration: | 404-335-6135 | Capital Cases: | 404-335-6200 |
| CM/ECF Help Desk: | 404-335-6125 | Cases Set for Oral Argument: | 404-335-6141 |

Enclosure(s)

MDT-1 Letter Issuing Mandate

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 22-13171

_____

CINDY NARAINE,

                                                    Plaintiff-Appellant,

*versus*

CITY OF HOLLYWOOD,

                                                    Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:21-cv-60313-RAR

_____

JUDGMENT

2                                                                    22-13171

It is hereby ordered, adjudged, and decreed that the opinion issued on this date in this appeal is entered as the judgment of this Court.

Entered: October 5, 2023

For the Court: DAVID J. SMITH, Clerk of Court

ISSUED AS MANDATE: November 3, 2023

[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 22-13171

Non-Argument Calendar

_____

CINDY NARAINE,

          Plaintiff-Appellant,

*versus*

CITY OF HOLLYWOOD,

          Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:21-cv-60313-RAR

_____

Case 0:21-cv-60313-RAR   Document 83   Entered on FLSD Docket 11/03/2023   Page 5 of 12
USCA11 Case: 22-13171   Document: 26-1   Date Filed: 10/05/2023   Page: 2 of 7

2                          Opinion of the Court                    22-13171

Before WILLIAM PRYOR, Chief Judge, and LAGOA and BRASHER, Circuit Judges.

PER CURIAM:

Cindy Naraine appeals the summary judgment in favor of her former employer, the City of Hollywood, and against her complaint of employment discrimination and retaliation based on race and sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; the Florida Civil Rights Act, Fla. Sta. § 760.10; and 42 U.S.C. § 1983. The district court ruled that Naraine failed to establish that the city's proffered legitimate, nondiscriminatory, and nonretaliatory reasons for terminating her were a pretext for discrimination. We affirm.

On January 27, 2019, after working for three years as an administrative assistant with the information technology department, Naraine began a one-year probationary term as a firefighter. In a recruit class of six, she was the only black female firefighter, as well as the oldest. She was assigned to the Fire Prevention Bureau, and the other members—four white males and one Hispanic female—were assigned to operations. During her first few months, Naraine received an "excellent" rating on her performance reviews, and her supervisor, Fire Marshal Chris Del Campo, rated her performance as "outstanding."

On November 7, 2019, Naraine was on duty when she asked a field training officer if she could take a work break. On that break, she and her domestic partner, Nicholas Gasbarro, a city employee

Case 0:21-cv-60313-RAR   Document 83   Entered on FLSD Docket 11/03/2023   Page 6 of 12
USCA11 Case: 22-13171   Document: 26-1   Date Filed: 10/05/2023   Page: 3 of 7

22-13171              Opinion of the Court                3

in a different department, met with the city manager, who was Naraine's personal acquaintance. According to Naraine, the purpose of the meeting was for Gasbarro to request a work schedule change to allow him more flexibility to care for their children. Naraine later attested that she could not request a different work schedule as a first responder, so she attended the meeting only as Gasbarro's supporter and "sat quietly." After the meeting, Gasbarro emailed the city manager thanking him for "giving us the opportunity to discuss the hardship" that they were facing as a family. The city manager later attested that he "recall[ed] both [Naraine] and [Gasbarro] asking to meet with" him, and his impression was that both of them "were asking for help during the meeting." The city manager also attested that, after the meeting, he asked the deputy city manager to follow up with Fire Chief Rudolfo Jurado to "see if there's anything that could be done" for Naraine.

When Chief Jurado learned that Naraine might have met with the city manager without prior approval, it "caused [him] great concern." He explained that the meeting would be an "unprecedented violation of the chain of command, a probationary [f]irefighter skipping all intervening levels of supervisory personnel to meet with the Chief Administrative Officer of the entire City." Chief Jurado asked Deputy Chief Analdy Garcia to investigate.

During his investigation, Deputy Chief Garcia and the Deputy Fire Marshal met with Naraine and her supervisor. Deputy Chief Garcia's notes from the meeting reflected that Naraine denied contacting the city manager and clarified that Gasbarro had

Case 0:21-cv-60313-RAR   Document 83   Entered on FLSD Docket 11/03/2023   Page 7 of 12
USCA11 Case: 22-13171   Document: 26-1   Date Filed: 10/05/2023   Page: 4 of 7

4                        Opinion of the Court                    22-13171

arranged the meeting. Naraine later asserted that she never denied attending the meeting and that she did not tell Deputy Chief Garcia whether she attended the meeting because he never asked.

On January 8, 2020, Deputy Chief Garcia recommended terminating Naraine before the end of her probationary year because she had breached the chain of command and falsely denied having "any contact" with the city manager. Chief Jurado met with the city manager and four other city officials about his decision to terminate Naraine based on Garcia's recommendation. In discussing the chain-of-command issues, Chief Jurado also mentioned problems relating to Naraine's continued inquiries about some fringe benefits that did not transfer to her new position and her refusal to accept the department's decision about the benefits, which had become "burdensome" to him.

A week later, Chief Jurado and Del Campo told Naraine that "it did not serve the city's best interest to continue her employment" and that Chief Jurado determined that she was "not a good fit for the agency." Naraine resigned in lieu of termination. The next month, she reapplied for the same position. She filed a charge of discrimination two months later. The city deemed Naraine ineligible for rehire and interviewed other candidates before hiring a white male.

Naraine filed a complaint against the city in the district court. The city moved for summary judgment, which the district court granted. Because the city conceded for the purposes of summary judgment that Naraine had established a prima facie case of

Case 0:21-cv-60313-RAR   Document 83   Entered on FLSD Docket 11/03/2023   Page 8 of 12
USCA11 Case: 22-13171    Document: 26-1    Date Filed: 10/05/2023    Page: 5 of 7

22-13171               Opinion of the Court                        5

discrimination, the district court considered the city's proffered reasons for its actions and determined that the two reasons were legitimate, nondiscriminatory, and nonretaliatory.

The district court also ruled that Naraine failed to establish that the proffered reasons were a pretext for discrimination. It determined that the record established that Naraine violated the chain of command by meeting with the city manager to discuss childcare accommodations without her supervisor's permission and that Chief Jurado's belief that she lied during the investigation was honest, even if mistaken. The district court also ruled that Naraine failed to identify a suitable comparator who engaged in similar misconduct and was treated more favorably.

We review a summary judgment *de novo* and view the evidence in Naraine's favor. *Tonkyro v. Sec'y, Dep't of Veterans Affs.*, 995 F.3d 828, 832 (11th Cir. 2021). Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The "summary judgment rule applies in job discrimination cases just as in other cases. No thumb is to be placed on either side of the scale." *Chapman v. Al Transport*, 229 F.3d 1012, 1026 (11th Cir. 2000) (en banc).

The district court correctly ruled that Naraine failed to establish that the proffered legitimate, nondiscriminatory reasons for deciding to terminate her were a pretext for discrimination. Naraine argues that she did not violate any workplace policies because she did not initiate or "participate" in the meeting with the city

Case 0:21-cv-60313-RAR   Document 83   Entered on FLSD Docket 11/03/2023   Page 9 of 12
USCA11 Case: 22-13171   Document: 26-1   Date Filed: 10/05/2023   Page: 6 of 7

6                          Opinion of the Court                    22-13171

manager, and she did not falsely deny attending the meeting during Deputy Chief Garcia's investigation. But our scope of review is limited. *See Elrod v. Sears, Roebuck & Co.*, 939 F.2d 1466, 1470 (11th Cir. 1991) ("[We] do not sit as a super-personnel department that reexamines an entity's business decisions." (quotation marks omitted)). We ask only whether Chief Jurado, in deciding to terminate Naraine, honestly believed that she had violated the department's policies. *See id.* (explaining that our inquiry turns not on whether the employee was guilty of the alleged misconduct but whether the decisionmaker believed so in good faith and whether this belief was the reason for termination); *Owens v. Governor's Off. of Student Achievement*, 52 F.4th 1327, 1338 (11th Cir. 2022) ("An employer may fire an employee for a good reason, a bad reason, a reason based on *erroneous facts*, or for no reason at all, as long as its action is not for a discriminatory reason." (quotation marks omitted, emphasis added)).

Naraine argues that Chief Jurado did not honestly believe that she had violated the chain of command. She contends that Deputy Chief Garcia attested that Chief Jurado told him that she had requested an accommodation from the city manager, which she contends is false and is evidence that Chief Jurado was the source of the "false representation." This argument fails.

If Chief Jurado expressed to Deputy Chief Garcia before the investigation that he believed Naraine had met with the city manager about an accommodation request—whether on behalf of herself, Gasbarro, or both—that statement would support the city's

Case 0:21-cv-60313-RAR   Document 83   Entered on FLSD Docket 11/03/2023   Page 10 of 12
USCA11 Case: 22-13171   Document: 26-1   Date Filed: 10/05/2023   Page: 7 of 7

22-13171               Opinion of the Court                7

position that Chief Jurado honestly believed that Naraine had violated the chain of command. The evidence is undisputed that Chief Jurado consulted with the city manager about his decision to terminate Naraine. The city manager's recollection was that both Naraine and Gasbarro requested the meeting and "were asking for help." Naraine failed to present any evidence that Chief Jurado did not honestly believe she had violated workplace policies. Because the undisputed evidence also establishes that Chief Jurado decided to terminate Naraine based on his belief that she was uncooperative during the investigation, we need not address her argument that the district court should have disregarded Deputy Chief Garcia's deposition, which contained a purported transcription error regarding his, but not Chief Jurado's, impression of Naraine's truthfulness during the investigation.

We **AFFIRM** the summary judgment in favor of the city.

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

October 05, 2023

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 22-13171-AA
Case Style: Cindy Naraine v. City of Hollywood
District Court Docket No: 0:21-cv-60313-RAR

All counsel must file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause. Although not required, non-incarcerated pro se parties are permitted to use the ECF system by registering for an account at www.pacer.gov. Information and training materials related to electronic filing are available on the Court's website.

Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

Pursuant to Fed.R.App.P. 39, <u>costs taxed against appellant</u>.

Please use the most recent version of the Bill of Costs form available on the court's website at <u>www.ca11.uscourts.gov.</u>

<u>Clerk's Office Phone Numbers</u>

| | | | |
|---|---|---|---|
| General Information: | 404-335-6100 | Attorney Admissions: | 404-335-6122 |
| Case Administration: | 404-335-6135 | Capital Cases: | 404-335-6200 |
| CM/ECF Help Desk: | 404-335-6125 | Cases Set for Oral Argument: | 404-335-6141 |

OPIN-1A Issuance of Opinion With Costs